Nov. Term, 1861.

THE MICHIGAN CENTRAL RAILROAD CO. v. PORTER.

*Z. Baird, H. W. Chase* and *J. A. Wilstach,* for the appellants.

*S. A. Huff, G. O. Behm, J. E. McDonald* and *A. L. Roache,* for the appellees.

---

THE MICHIGAN CENTRAL RAILROAD COMPANY *v.* PORTER and Others.

By our statute (1 R. S. 1852, p. 113) the stock of a railroad company in this State is to be assessed against the company, and not against the individual stockholder, and the term "stock," as used in the statute, includes not only stock subscriptions, but all the actual, tangible property of the company.

Where a foreign railroad corporation, under a contract with a company chartered in this State, constructs, equips and operates a portion of the line of the latter company in this State, the stock in such road, so constructed, must be regarded as vested in the company under whose charter it was built, and can not be assessed against the foreign corporation for taxation ; nor can the road bed, in such case, be assessed as real estate against the foreign corporation, and the rolling stock as personal property, since our statute requires it all to be assessed as corporation stock.

Tuesday, December 10.

APPEAL from the *Laporte* Circuit Court.

WORDEN, J.—The appellant, who is a corporation created by a law of the State of *Michigan,* filed her complaint against *Porter,* who was the treasurer of the county of *Laporte,* in this State, to restrain him from levying upon and seizing certain cars and locomotives of the plaintiff, for the purpose of satisfying certain taxes alleged to have been wrongfully and illegally assessed against the plaintiff. Trial by the Court; finding and judgment for the defendant. The proper steps were taken to properly present to this Court the questions involved in the case.

The substantial facts in the case, as they appear from the pleadings and evidence, are as follows:

The *New Albany and Salem Railroad Company*, a corporation created by a law of the State of *Indiana*, having, or claiming to have, the corporate right of constructing and running a railroad from *Michigan City*, in the State of *Indiana*, westwardly, in the direction of *Chicago*, as far as the west line of the State of *Indiana*; and the plaintiff, *The Michigan Central Railroad Company*, having, under her charter, constructed a railroad from the city of Detroit to *New Buffalo*, in the State of *Michigan*, and from thence to the line of the State of *Michigan*, and having also, by an arrangement and contract with the commissioners of the western division of *The Buffalo and Mississippi Railroad Company*, constructed a railroad from the *Michigan* line to said *Michigan City;* an agreement was entered into between the appellant and the *New Albany and Salem Railroad Company*, in *April*, 1851, by which it was stipulated, among other things, that the *Michigan Central Railroad Company* should, on certain terms and conditions therein mentioned, subscribe to the capital stock of the *New Albany and Salem Railroad Company* the amount of $500,000; and that the *New Albany and Salem Railroad Company* should complete its road from *Lafayette* to *Michigan City*. The agreement proceeds to stipulate, that "that part of the road from *Michigan City* to the State line of *Indiana*, between that State and *Illinois*, shall be constructed by, and under the superintendence of, the *Michigan Central Railroad Company* and its officers and agents, and that the same shall stand pledged, and shall be, and is hereby bargained, conveyed and mortgaged to the said *Michigan Central Railroad Company* and its successors and assigns forever, and all its appurtenances, depots, shops, water stations, rights of way, tracks, side tracks, and fixtures and equipments of every kind and description which may be hereafter constructed or built upon the same, and also the right to construct, complete and perfect the same with single or double tracks, and also to equip, operate and control the same when constructed; and to that end the party of the first

Nov. Term, 1861.

THE MICHIGAN CENTRAL RAILROAD CO.
v.
PORTER.

part constitutes the said party of the second part, its successors and assigns, its agent, with full power to go on and construct the said road and its appurtenances, and from time to time to add thereto; and to enable that to be most effectually accomplished, the said first party will do all such acts, and take such actions, as shall become equitable and proper; the said *Michigan Railroad Company* paying all expenses and costs, and always saving the said first party harmless, and keeping them fully indemnified against all suits, actions, rights of action and claims, which may event, by reason of any act done or omitted to be done by the said *Michigan Central Railroad Company*, its officers or agents. And inasmuch as it is uncertain how much the said road from *Michigan City* to the *Illinois* line will cost, together with its depots, tracks, &c., and as it will be inconvenient for the first party to give attention to the same in its details and expenses, and as the parties are desirous of affixing some limits beyond which it shall not be required of the said first party to go, in case it shall redeem the said road, its fixtures and equipments; therefore it is mutually agreed that the said *Michigan Central Railroad Company* (shall be) entitled to a claim upon said road, and its depots, appurtenances and equipments, for all the moneys invested therein, either immediately or hereafter, to the extent of one million of dollars, which shall be taken and deemed to be a contract price for the construction of said road, liquidated and settled, whether the same shall cost more or less..... The following terms are agreed upon as compensation for interest upon the sum of one million of dollars, viz., the said *Michigan Central Railroad Company* shall operate and manage the said road from *Michigan City* to the *Illinois* line, at its own expense and risk, and shall be entitled to receive the revenues thereof, and shall, in addition thereto, receive interest upon the redemption of said road, but at the rate of only five per cent. upon the amount thereof. And it is mutually agreed, that if, at the expiration of forty years from the date of these presents, the said *New Albany and Salem Railroad Company* shall pay to the said *Michigan Central Railroad Company*, its successors or assigns, the full sum of one million

of dollars, with interest thereon at the rate aforesaid, then this instrument, so far as it operates as a mortgage or pledge, shall become null and void, otherwise remain in full force and virtue in law; and in the mean time the said *Michigan Central Railroad Company* shall remain in full possession and control of said road and its equipments, and shall have full right to keep the same in repair, operate and manage the same, and receive the revenues thereof, and shall proceed to construct the same at its pleasure, or as soon as it may be deemed proper."

Under this agreement, the appellant constructed a railroad from *Michigan City* to the west line of the State, and has been operating the same since its completion. The entire road makes a continuous line from *Detroit* to *Chicago*. It first enters this State in the county of *Laporte*, and runs thence through the counties of *Porter* and *Lake*. The principal office of the appellant, for the transaction of its business is not in this State, but in the city of *Detroit*.

The appellant having failed to furnish a list of the stock in the company, and its value, in accordance with § 32 of the act for the assessment of taxes, (1 R. S. 1852, p. 113,) the auditor of *Laporte* county proceeded to make the assessment. The taxes assessed are for the years 1855, 1856, 1857 and 1858. They are assessed against the appellant, the *Michigan Central Railroad Company*, upon the "value of corporation stock," based upon the length of the road running through the county of *Porter* and *Lake*, but nothing appears in reference to that part running through the county of *Laporte*. It appears, also, that the defendant, *Porter*, as treasurer of *Laporte* county, was about to seize the property of the appellant to make the taxes.

The question presented is, whether the taxes in question were properly assessed against the *Michigan Central Railroad Company*.

By our statute, (see statute above cited,) the stock of a railroad company in this State is to be assessed against the company, and not against the individual stockholders. The term "stock," as used in the statute, includes not only stock

Nov. Term,
1861.

THE MICHI-
GAN CENTRAL
RAILROAD CO.
v.
PORTER.

subscriptions, but all the actual, tangible property of the company. *The State* v. *Hami'ton*, 5 Ind. 310. The "stock" in that part of the road running from *Michigan City* to the west line of the State, and built by the appellant, we regard as vested in the *New Albany and Salem Railroad Company*, under whose charter it was built. There is, so far as we are advised, no such corporation known to our laws as the *Michigan Central Railroad Company*, to whom stock could be assessed, and the collection enforced in the manner provided by our laws. See statute above cited, § 42. No question is raised, and we make none, in respect to the validity of the agreement between the *New Albany and Salem Railroad Company* and the appellant. Whatever may be the legal effect of that agreement in other respects, it can not be held to transfer the "stock" in the road to the appellant, for the purposes of taxation. Nor need we determine what franchises, if any, a corporation may, and what it may not, transfer. See, however, on this subject, the case of *Coe* v. *The Columbus, &c. Railroad Company*, 10 Ohio St. R. 372.

But it is insisted that the tax was properly assessed against the *Central Michigan Railroad Company*, under other provisions of the law. The counsel for the appellees argue as follows:

"Sections 18 and 19, 1 R. S., p. 108, declare that personal property mortgaged or pledged, shall, for the purposes of taxation, be deemed the property of the party who has it in possession, and that the mortgagee of real estate shall be deemed the owner, for the same purpose, after taking possession. The terms real estate and personal property must, with a reasonable view to the object of the act, be taken to include all taxable property; and this case comes so clearly within those provisions, that it seems impossible to make the proposition plainer by argument."

There would be no doubt of the correctness of the position thus assumed, if the road bed was to be assessed as real estate, and the rolling machinery as personal property. But by the provisions of the statute, all are to be assessed as corporation stock. Nothing, in the case before us, was assessed against the appellant for real or personal property, but for

corporation stock. Again, if the assessment could be made
as for real and personal property, it must be made in the
counties where it is situated. The auditor of *Laporte*
county could make no assessment against the appellant for
real or personal property situated in the counties of *Porter*
and *Lake*, which were the only counties for which the assess-
ment in question was made.

</div>

A question is made by the appellant as to the constitu-
tionality of the law on the subject of taxing corporations,
and also as to the regularity of the assessment, but from the
foregoing view it will be unnecessary to determine them.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded, &c.

*James Bradley* and *D. J. Woodward*, for the appellant.
*John B. Niles*, for the appellees.